# COMPOSITE EXHIBIT A

Filing # 187099804 E-Filed 11/30/2023 02:38:30 PM

JAN 09 2024

## IN THE CIRCUIT COURT
## OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY FLORIDA

### Case No. 052023CA053570XXXXXX

DAVID HENRY,

     Plaintiff,

vs.

DNC PARKS & RESORTS AT KSC, INC.,

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** DNC PARKS & RESORTS AT KSC, INC., through its Registered Agent:

Cogency Global Inc.
115 North Calhoun St, Ste 4
Tallahassee FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

| Rachel Sadoff | December 5, 2023 |
|---|---|
| CLERK | DATE |

(BY) DEPUTY CLERK

Filing # 185371747 E-Filed 11/02/2023 05:04:34 PM

**IN THE CIRCUIT COURT**
**OF THE EIGHTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BREVARD COUNTY FLORIDA**

**Case No.**

DAVID HENRY,

      Plaintiff,

vs.

DNC PARKS & RESORTS AT KSC, INC.,

      Defendant.

_____/

**COMPLAINT**

1. DAVID HENRY ("Plaintiff") brings this action against DNC PARKS & RESORTS AT KSC, INC. ("Defendant") alleging as follows:

**JURY DEMAND**

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

**<u>PARTIES, VENUE, AND JURISDICTION</u>**

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the age of 18 and is otherwise *sui juris*.

4. Defendant is an employer within Brevard County, which at all relevant times hereto violated Plaintiff's employment rights under the Florida Civil Rights Act (FCRA), Title VII of the Civil Rights Act (Title VII), and/or 42 U.S. Code § 1983 ("Section 1983") for violation of 42 U.S.C. § 1981 ("Section 1981"). Defendant is otherwise *sui juris*.

5. Venue is proper in Brevard County because Defendant employed Plaintiff in the county and because the causes of action otherwise occurred in the County.

6.  Venue is also proper in that Plaintiff and/or Defendant ("Parties") reside in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7.  All conditions precedent to the bringing of this action have occurred or been performed, i.e., a Charge of Discrimination was filed, a Right to Sue Letter issued, and a lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8.  This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state, and/or local laws.

**COUNT 1**
**Retaliation**

9.  Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

10. At all relevant times, Plaintiff was an employee of Defendant.

11. At all relevant times, Plaintiff was and was qualified to work for Defendants.

12. At all times material hereto, Defendant failed to comply with the law, which provides, in relevant part, the employer may not take any retaliatory personnel action against an employee because the employee performed a protected activity and/or had a good-faith, objectionably reasonable belief for performing such protected activity.

13. Plaintiff started working for Defendant in December 2021 and was terminated on April 26, 2022.

14. Plaintiff worked as a crew member in the museum areas of NASA's Vistors Complex and NASA's Apollo/Saturn Center.

15. Plaintiff complained about discrimination directly to his manager Teresa, Victor the Apollo Saturn Manager, plus the operations manager and HR. In response, Plaintiff was transferred, but the discrimination intensified.

16. It's telling that Plaintiff's background was brought up after his complaints of discrimination and that Plaintiff was terminated less than three (3) months after his complaints of discrimination.

17. Plaintiff had no performance issues until after he complained about discrimination.

18. The causal link between Plaintiff's protected activity and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; led to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

19. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

20. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

21. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to

be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

22. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

23. Plaintiff hereby requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT 2
### Discrimination Race/Color

24. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

25. At all relevant times, Plaintiff was an employee of Defendant.

26. At all relevant times, Plaintiff was and was qualified to work for Defendants.

27. Plaintiff started working for Defendant in December 2021 and was terminated on April 26, 2022.

28. Plaintiff worked as a crew member in the museum areas of NASA's Vistors Complex and NASA's Apollo/Saturn Center.

29. Plaintiff's protected category is race/color (Black).

30. It's telling that Plaintiff was treated differently than similarly situated employees: Evan Clayborne (White) was not fired after fighting with a tour visitor which was recorded; Logan Snelbaker (White) illegally recorded others at work, etc.

31. Plaintiff had no warning and no performance issues until the date of my termination.

32. It's suspicious that Plaintiff's prior charges were brought up right before his termination, despite being hired after clearing background checks, yet there are white employees, who were charged criminally during employment, yet still work for the company, Cyn McMyne, Agneska "Aga" Czelny, Mary Ann DiCosolo, etc.

33. Defendant's reason for termination is pretextual, as Plaintiff was terminated for performance despite no warning, always coming to work early, staying late when requested, and even on days off to cover for other employees.

34. Plaintiff's protected category/activity was the motivating factor for termination, as there was no other reason for such action.

35. The causal link between Plaintiff's protected category and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any

policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

36. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

37. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

38. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

39. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

40. Plaintiff hereby requests a jury trial.

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant

from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A.  Accept jurisdiction over this matter;

B.  Award Plaintiff for past and future loss of wages and benefits, plus interest;

C.  Award Plaintiff compensatory and punitive damages;

D.  Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Dated: November 2, 2023                    Respectfully submitted,

                                           /s/Alberto Naranjo

AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
Counsel for Plaintiff

Filing # 187099804 E-Filed 11/30/2023 02:38:30 PM

IN THE EIGHTEENTH JUDICIAL
CIRCUIT, IN AND FOR BREVARD
COUNTY, FLORIDA

DAVID HENRY,                                    CASE NO:  052023CA053570XXXXXX

     Plaintiff,

vs

DNC PARKS & RESORTS AT KSC, INC.,

     Defendant.

_____/

## CASE MANAGEMENT ORDER

     Pursuant to the dictates of Administrative Order AOSC20-23 of the Florida Supreme Court, and AO 21-24, Eighteenth Judicial Circuit, it is, hereby,

     **ADJUDGED** that the following deadlines are applicable to this action, and that same will be strictly applied by the Court:

     The projected date of trial for this matter is the trial docket beginning **May 26, 2025**. A firm trial date will be ordered by the presiding judge. The Court issues an Order Setting Pre-Trial Conference and Trial Date within at least 120 days from the projected trial docket.

     Any request(s) for the addition of new parties, or amendments to the pleadings, shall be served within 90 days from the response date.

     The fact witnesses and exhibits of all parties shall be disclosed to all other parties no later than 90 days prior to the above projected trial date.

     All Plaintiff's Expert Witnesses shall be disclosed to all other parties no later than 150 days prior to the above projected trial date.  Defendant's Expert Witnesses shall be disclosed to all other parties within 30 days thereafter.

     All fact AND expert discovery shall be completed no later than 30 days prior to the above projected trial date.

     All objections to the pleadings, and all pre-trial motions shall be resolved no later than 180 days prior to the above projected trial date.

     Dispositive Motions, including *Daubert* Motions, shall be resolved no later than 30 days prior to the above projected trial date.

Mediation shall be completed no later than 60 days prior to the above projected trial date.

## ORDER

**THE COURT,** having reviewed the preceding Case Management Dates, finding them to be satisfactory. Accordingly, it is hereby **ORDERED** that

1.    **COMPLIANCE WITH THIS CASE MANAGEMENT ORDER:** The parties shall strictly comply with the terms of this Case Management Plan and Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL THE REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2.    **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**; and (ii) **any division-specific guidelines and policies that may be applicable.**

3.    **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.    **NOTICES FOR TRIAL:** Parties may file a Notice for Trial if they are ready for trial more than 120 days prior to the above projected trial date. The Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5.    **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6.    **SERVICE OF THIS ORDER:** Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

7.    **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** this _____ day of _____, 20___, in _____, _____ County, Florida.

_____
CIRCUIT JUDGE

*__A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.__*

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711**

Filing # 187099804 E-Filed 11/30/2023 02:38:30 PM

IN THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA

DAVID HENRY,

CASE NO:  052023CA053570XXXXXX

      Plaintiff,

vs.

DNC PARKS & RESORTS AT KSC, INC.,

      Defendant.

_____/

## CASE MANAGEMENT PLAN

**(GENERAL)**

| | |
|---|---|
| 1. Date of First Response (i.e. Answer, Notice of appearance, Motion for Extension of Time, Motion to Dismiss) | 01/15/2024 |
| 2. Deadline for adding new parties, amendment of pleadings | Should be 90 days since response date |
| 3. Deadline for Witness & Exhibit List (Witnesses MUST be listed by actual NAME of the witness, and not by designation (i.e., use of such designations as "Corporate Representative," "Records Custodian," "Adjustor," or "IME Doctor" standing alone is insufficient) | Should be 90 days before Trial |
| 4. Deadline for Expert Disclosure | Should be 180 days prior to projected trial date for Plaintiff |
| (Parties should furnish opposing counsel with the Names and addresses of all expert witnesses under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed with the Clerk of Court. | Should be 150 days prior to projected trial date for Defendant |
| 5. Objections to pleadings | Should be resolved 180 days prior to projected trial date |
| 6. Deadline for Discovery Completion (including Depositions) | Should be 30 days prior to projected trial date |
| 7. Deadline for Dispositive Motions, including *Daubert* Motions- Failure to do so shall constitute a waiver at Trial of any Daubert related evidence objection or issue Responsibility for scheduling of the Hearing shall be upon the party filing the Motion or Objection. | Should be heard 30 days prior to projected trial date |
| 8. Deadline for Mediation: | Should be 60 days prior projected trial date |
| 9. Trial Date | May 26, 2025 3-5 day Trail Period |

**The parties are to meet, review, and discuss the Case Management Plan to agree upon dates according to the guidelines set forth in the above Case Management Plan. The parties are to sign the certification below and submit the proposed Case Management Order with the agreed upon dates to the Court for approval and signature.**

I hereby certify that I have that all parties have met and conferred regarding all proposed dates for the Case Management Plan and Case Management Order and certify that all dates proposed in the Case Management Order have been agreed to by the parties.

Date: November 29, 2023

Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number. Unrepresented parties must include email address for service.

_s/ Alex S. Drummond_
Seyfarth Shaw LLP
FL Bar Number: 38307
1075 Peachtree Street, N.E. | Suite 2500 |
Atlanta, Georgia 30309-3958
Direct: 404-881-5467 |
Mobile: 404-435-6107 |
Fax: 404-724-1667
Email: ADrummond@seyfarth.com
_Counsel for Defendant_

_s/Alberto Naranjo_
AN Law Firm, P.A.
FL Bar Number: 92923
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
_Counsel for Plaintiff_